UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR LEE TAYLOR,

        Plaintiff,

v.

                                                        Case No. 05-73463

JEFFREY LEROY NOCK and BRENT WINIARSKI,    Honorable Julian Abele Cook, Jr.

        Defendants.

## ORDER

This case involves contentions by the Plaintiff, Arthur Lee Taylor, that the Defendants, Jeffrey Leroy Nock and Brent Winiarski, violated his rights to the statutory protections of 42 U.S.C. §1983, as well as his fundamental rights under the Eighth and Fourteenth Amendments to the United States Constitution. Trial in this matter is set to begin on Tuesday, January 20, 2009. The parties have filed several motions in limine, all of which will be addressed by the Court in seriatim.

I.

As a preliminary matter, Nock filed a motion (Docket #69) on January 16, 2009, in which he "requests that this Honorable Court allow him to join in support of all of [Winiarski's] current pending Motions, Objections to Plaintiff's Jury Instructions, and [Winiarski's] proposed Jury Instructions." As of the date of this order, no party has expressed any opposition to this request by Nock which the Court finds to be reasonable. Hence, the Court will (1) grant Nock's motion, and in so doing, (2) consider any and all pleadings (i.e., motions and responses), which have been filed

1

by Winiarski, as representing the positions of both Defendants.

II.

On January 14, 2009, the Plaintiff filed a motion in limine (Docket #62) in which he requests the Court to allow him to present the testimony of an expert witness, Karen Noelle Clark, Ph.D. Two days later, the Defendants filed their response in opposition. In his request, the Plaintiff correctly acknowledges that he "apparently failed to *fully* comply with the provisions of [Fed. R. Civ. P. 26] . . . ." (emphasis in original.) The Court notes that he failed to timely disclose "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition" as required by Fed. R. Civ. P. 26(a)(2)(B)(v). This information was provided to the Defendants on January 5, 2009 - less than three weeks before the commencement of the trial.

The Court advised the parties on September 23, 2008 that its rejection of an earlier motion in limine by Winiarski on this same issue was "predicated upon [the Plaintiff's] strict compliance with all of the applicable provisions within Fed. R. Civ. P. 26." This Rule states, in pertinent part, that disclosures related to expert testimony "*must* be made . . . at least 90 days before the date set for trial or for the case to be ready for trial . . . ." Fed. R. Civ. P. 26(a)(2)(C). (emphasis added.)

The Court finds that the obligatory nature of this Rule requires it to deny the Plaintiff's motion. Furthermore, the Court does not find the arguments by the Plaintiff, who contends that (1) the Defendants would not be prejudiced by this extremely tardy disclosure, and (2) he has set forth good cause for not filing the required disclosures in a timely manner, to be availing. For these reasons, the Court must, and does, deny the Plaintiff's motion.

III.

On January 15, 2009, the Plaintiff filed a motion in limine (Docket #63) in which he asks

that he be allowed "to present testimony at trial of . . . Winiarski's sexual activity with Plaintiff, not as substantive evidence of such activity, but to impeach . . . Winiarski therewith and as to the sole substantive issue of deliberate indifference as alleged in the complaint." On the following day, Winiarski filed a motion in opposition to the Plaintiff's request, which was joined by Nock.

On September 23, 2008, the Court issued an order which granted a motion in limine by Winiarski who had sought to exclude any "testimony and any other evidence" which suggests that he may have engaged in some form of sexual activity with the Plaintiff. The Court, in referring to an earlier order on January 9, 2008,[1] determined that any such evidence would be inadmissible. Thus, it was the conclusion of the Court that "any such testimony which addresses the alleged sexual activity involving [the Plaintiff] and Winiarski is excluded from the trial."

In his now-pending motion, the Plaintiff seeks to revisit this issue by requesting the Court to allow him to introduce evidence of his claimed sexual relationship with Winiarski. The Plaintiff submits that this evidence is important to his case because he seeks "to impeach Winiarski's anticipated testimony that April 22, 2004 was the first occasion that [the] Plaintiff informed . . . Winiarski of the sexual assaults upon him being made by . . . Nock as well as to attempt to show . . . Winiarski's interest, bias and motive effecting [*sic*] his credibility."

The Court believes that if the Plaintiff thought that there was a palpable defect in its September 23, 2008 order, he should have challenged it with a motion for reconsideration "within

---

[1] On January 9, 2008, the Court denied the Plaintiff's request to amend his complaint to include allegations that Winiarski had sexually assaulted him. In rejecting the Plaintiff's petition to amend, the Court stated that "[a]llowing [him] to amend his complaint at this late stage, over three years after his original complaint was filed, nearly four months after discovery has closed in this matter, and on the eve of a settlement conference and trial would prejudice [Winiarski] in this matter."

3

10 days after entry of the . . . order" as provided for by E.D. Mich. LR 7.1(g)(1). Furthermore, the Court is not convinced by the argument of the Plaintiff who asserts that while "such evidence might be highly prejudicial to . . . Winiarski . . . without such evidence, the Plaintiff's cause is highly prejudiced." The Plaintiff had an opportunity to plead these allegations in his complaint, but elected not to do so.

For all of the reasons stated above, the Court must, and does, deny the Plaintiff's motion which is, in reality, an application for reconsideration which was not filed in a timely manner.

IV.

On January 16, 2009, the Defendants filed a motion which contained several "sub-motions in limine" (Docket #67). The Plaintiff filed a response on January 17, 2009 in which he opposed some of the Defendants' requests but chose not to respond to others that are, in his opinion, inappropriate subject matters for a motion in limine or premature. For the reasons stated that are stated below, the Court grants the Defendants' motion in part and denies it in part.

In the Defendants' first "sub-motion," they request that "testimony and any other evidence suggesting [the] Plaintiff may have engaged in sexual activity with Winiarski must be excluded from [the] trial."[2] This request had been raised by the Defendants and granted by the Court in an order on September 23, 2008. Hence, their motion must be, and is, denied for reasons of mootness.

In their second "sub-motion," the Defendants maintain that any "testimony or other evidence from Karen Clark, Psychologist, must be excluded from trial due to untimely disclosure." With recognition that the Court has already denied the Plaintiff's request to allow Clark to testify

---

[2] It is not clear to the Court why the Defendants are requesting relief from the Court that has already been granted.

4

as an expert witness in this case, this issue is now moot. Accordingly, this request by the Defendants must be, and is, denied for reasons of mootness.

The Defendants third and fourth "sub-motions" incorporate requests that they be allowed to impeach the Plaintiff and one of his potential witnesses, Jose Tello, with their respective criminal conviction records during the trial. In its September 23, 2008 order, the Court wrote:

> [T]he right of a party to test the credibility of an adversary or a witness is governed by the Federal Rules of Evidence which may be utilized during the trial in a timely manner. Therefore and for the reasons that have been set forth above, Winiarski's request for authority to impeach [the Plaintiff] and Tello in advance of trial must be denied without prejudice.

If the Defendants had any disagreement with this order, they should have filed a timely motion for reconsideration "within 10 days after entry of the . . . order" as provided for by E.D. Mich. LR 7.1(g)(1). Thus, the Court denies their collective requests which are, in its opinion, untimely and ineffectual attempts to challenge its September 23, 2008 order.

The Defendants' fifth "sub-motion" involves a request that the Court exclude "any evidence of alleged assaults not pled in the complaint" as irrelevant. It is their collective view that the Plaintiff, during his deposition, spoke of being hit in the face and spat upon by prisoners. This testimony, in the movants' opinion, is inadmissible because it is irrelevant, citing to Fed. R. Evid. 402.[3] The Court addressed this issue in its September 23, 2008 order:

> [The Defendants'] request is, at best, premature. The Court is without enough information upon which to render a decision on this evidentiary issue that, in all probability, should be raised during the trial in a timely manner. For this reason, the Court will deny [their] request to exclude evidence of any assaults that have not

---

[3]Fed. R. Evid. 402 states the following: "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible."

been specifically outlined in the complaint.

This application for relief is another untimely effort by the Defendants to challenge the order of September 23, 2008. An aggrieved party is entitled to seek relief from an order in a manner as set forth in the Local Rules of the Court. Accordingly, the Defendants's motion is denied.

The Defendants' sixth "sub-motion" involves a request to exclude "evidence of retaliation for reporting Nock's alleged sexual misconduct [because it ] lacks relevance." This is another issue that was resolved by the Court on September 23, 2008. If these petitioning parties had any disagreement with the September 23rd decision, they should have filed a timely motion for reconsideration. They did not. This request is denied.

The Defendants' seventh "sub-motion" contains a contention that "any exhibit not specifically listed [in] the [Joint Final Pretrial Order] should be excluded from trial." The Plaintiff did not respond to this motion in his January 17, 2009 pleading, claiming that it was an inappropriate subject matter for a motion in limine. The Court disagrees.

The Defendants correctly note that the Court stated in a directive on February 17, 2007 that the final pretrial order must include a list of exhibits with a description: "The parties shall list every proposed exhibit with a short identifying description. With the exception of rebuttal documents and in the absence of mitigating circumstances, only those exhibits that have been listed in the Final Pretrial Order will be considered for admission for trial." The Defendants object to the admission of what they characterize as "broad categories of potential exhibits" which "[fail] to list specific individual exhibits." Thus, they seek to exclude the following seven "categories" of exhibits from trial:

> because Plaintiff does not identify which documents [that he] intends to use as exhibits, thus making it impossible for [the Defendants] to determine whether [they have] objections as to lack of authenticity, lack of relevance, hearsay or any other specific objection. Further, [the Defendants] object because [the] Plaintiff did not disclose any such documents in initial disclosures.

The Defendants also submit that if the Court authorizes the Plaintiff to use these exhibits, their "counsel will be faced, at trial, with documents yet unspecified, and [] be forced to fashion any objections on the fly, unnecessarily delaying trial completion and unfairly prejudicing [the Defendants]." The Court agrees. As a consequence, the Plaintiff is precluded from introducing the following documents into evidence:

1. Unspecified policies of the Michigan Department of Corrections ("MDOC") regarding the reporting and handling of allegations of sexual assaults upon prisoners;

2. All documentation of the MDOC pertaining to the hiring and employment of Nock;

3. All records and documentation of the MDOC relating to the hiring and employment of Winiarski;

4. All records and documentation of the MDOC regarding the Plaintiff's medical and psychological records;

5. The Washtenaw County Court of Michigan file pertaining to Nock, along with the presentence report;

6. The Washtenaw Prosecutor's Office records and documentation, including videotapes of the Nock prosecution together with any writings or policies, if any, pertaining to criminal sexual conduct prosecutions; and

7. All Michigan statutes under which Nock was charged and entered a plea of guilty.

The Defendants' eighth "sub-motion," which remains without challenge by the Plaintiff as of this date, pertains to their request that the Court exclude "exhibit items 8-11 [from the Joint Final Pretrial Order]." Here, the Defendants contend that the Plaintiff's proposed exhibit 8 (i.e., the Prison Rape Elimination Act ("PREA")), should not be admitted because it is irrelevant to the

issues in this case (Fed. R. Evid. 402) and, even if relevant, its admission would (1) be highly prejudicial and (2) cause confusion to the jury (Fed. R. Evid. 403).[4] In their submission, they argue that (1) no affirmative action had been taken under this Act as of 2004 when this case occurred, and (2) the Plaintiff has failed to assert any claim under the PREA in his complaint. The Court concludes that this statute is not relevant to the issues in this case. Therefore, the Defendants' request is granted. Fed. R. Evid. 402.

With regard to the Plaintiff's proposed exhibit 9, (namely, the MDOC pamphlet entitled "How to Avoid Sexual Violence in Prison") the Defendants contend that it is inadmissible because the Plaintiff has failed to identify the date of this proposed exhibit and "[s]o far as the [Defendants] know, no such pamphlet was in existence in 2004 . . . ." As this allegation has not been disputed by the Plaintiff, the Court does not believe that this pamphlet has any relevancy to any of his claims against the Defendants. Fed. R. Evid. 402. Therefore, the Court grants the Defendants' request to exclude this evidence.

The Defendants also seek to exclude the Plaintiff's proposed exhibit 10 (to wit, "MDOC Policy Directive 03.03.140") because (1) he has failed to identify the date of this document proposed exhibit and (2) the "[Defendants] believe[] no such policy applied to men's prisons in 2004 when the events at issue occurred" which makes its admission irrelevant pursuant to Fed. R. Evid. 402. The Court, noting the absence of any opposition by the Plaintiff, grants the Defendants' request.

---

[4]Fed. R. Evid. 403 states the following: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Finally, the Defendants ask the Court to preclude the Plaintiff's proposed exhibit 10 ("Michigan Constitution 1963 Sec 24") from being admitted into evidence because "there is no claim under the Michigan Constitution pending in this case, and the document is therefore irrelevant." The Court agrees and grants the Defendants' request. Fed. R. Evid. 402.

V.

For all of the reasons that have been stated above, the Court grants in part and denies in part the parties' motions.

IT IS SO ORDERED.

Dated: January 19, 2009         s/Julian Abele Cook, Jr.
       Detroit, Michigan        JULIAN ABELE COOK, JR.
                                United States District Court Judge

Certificate of Service

I hereby certify that on January 19, 2009, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

                                s/ Kay Alford
                                Courtroom Deputy Clerk